Pearson, O. J.
 

 We do not concur with his Honor, in the view taken by him of the question presented, upon the motion to dissolve the injunction.
 

 Assuming that the facts bring this case within the principle of
 
 Southerland
 
 v. Whitaker, 5 Jones’ Rep. 5, that defense
 
 *249
 
 was available at law, and is cut off by the judgment, which is conclusive as to the existence of the debt, and we are confined to the enquiry, have the plaintiffs an
 
 equity ;
 
 that is, is there any matter or thing connected with the transaction, which makes it against conscience for the defendants to avail themselves of the advantage which the judgment gives them at law ?
 

 The answers are fully responsive, and deny without evasion, the entire equity, in respect to the plaintiff, Dennis Tysor ; so he has no ground to stand on.
 

 With respect to the other plaintiffs, who are his sureties, without expressing a decided opinion at this time, we are inclined to think that an
 
 equity
 
 is confessed, in regard to a part of the judgment, to wit, an amount corresponding with the bank debt and interest; for it is admitted that the $250 note was made, for the purpose of discharging that debt, upon which they were sureties, and Dennis Tysor was only at liberty to dispose of
 
 the excess.
 
 That arrangement did not go into effect, and it is not alleged that they concurred in the subsequent arrangement, by which (as Lutterloh avers) he was to retain the note, as collateral security, for the sums due to him by Dennis Tysor ; so that, as against them, Lutterloh (it would seem) is only entitled to use the judgment for the purpose of collecting such excess. It does not distinctly appear by whom the debt, in bank, was paid, if the sureties paid it, their equity, in respect to the amount, is clear. But if Dennis Tysor paid it, as we suppose to be the fact, his means of discharging the $250 note, was made less by that amount, and the effect of the arrangement, by which Lutterloh was allowed to retain it, was to make them liable, at one time, for
 
 loth of the
 
 notes, which was known by Lutterloh, not to have been the intention of the parties, and for that reason, it was against conscience for him to accept the note, as obligatory on them, for the full amount.
 

 The order continuing the injunction until the hearing, must be reversed. The injunction will be dissolved as to Dennis Tysor, and it will also be dissolved as to Hands Tysor, and
 
 *250
 
 Gliolson, except as to a sum equal to the bank debt and interest. The money will be paid into office, to the end that Lutterloh may produce the notes, which he holds, so that a credit may be endorsed of the balance, after deducting the $101 and interest, advanced by him, together with costs. If only a part of the judgment is made out of Dennis Tysor, the defendant will be allowed to apply that to the part of the debt, for which Dennis Tysor and Gholson are not liable, their
 
 equity
 
 extends no further than an exemption from liability, in respect to that part. The defendants are entitled to costs.
 

 Per Curiam, Decree accordingly.